IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02559-BNB

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

TYE J. SMITH,

FEB 01 2010

    Applicant,

GREGORY C. LANGHAM
CLERK

v.

HOYT BRILL, Warden, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant, Tye J. Smith, is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Kit Carson Correctional Facility in Burlington, Colorado. Mr. Smith initiated this action by filing a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 00-CR-1023 in the Mesa County District Court of Colorado.

    In an order entered on November 23, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on November 23, 2009. After receiving an extension of time, Mr. Smith submitted a Reply on January 5, 2010.

On January 11, 2010, Magistrate Judge Boland determined that a supplement to the Pre-Answer Response was required, because Respondents failed to submit as exhibits all relevant portions of the state court record. Respondents filed a supplement to the Pre-Answer Response on January 15, 2010.

The Court must construe liberally the Application filed by Mr. Smith because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

On September 28, 2001, Mr. Smith pleaded guilty to two counts of sexual assault on a child by one in a position of trust, one count of sexual assault on a child as a pattern of abuse, and aggravated incest. Pre-Answer Supp. Ex. 8 at p. 15 (State Court Register of Action). The trial court then sentenced Mr. Smith to concurrent prison sentences of six, ten and six years to life. Pre-Answer Resp. Ex. 5 at p. 4. Mr. Smith did not file a direct appeal.

On January 13, 2006, Mr. Smith filed a letter with the trial court, requesting that it reconsider his sentence and impose probation. Pre-Answer Supp. Ex. 8 at p. 15. The trial court interpreted the letter as a Colo. R. Crim. P. 35(b) motion for reduction of sentence, and denied the request on January 14, 2006. *Id.*

On July 10, 2008, Mr. Smith filed a *pro se* motion pursuant to Colo. R. Crim. P. 35(a) and (c). *Id.* at 16. The trial court denied the Rule 35(a) and (c) motion by order dated July 28, 2008. *Id.* Mr. Smith filed an appeal, and the Colorado Court of Appeals

(CCA) affirmed the trial court on April 16, 2009.  **See People v. Smith**, No. 08CA1794 (Colo. App. April 16, 2009) (unpublished opinion).  Mr. Smith petitioned the Colorado Supreme Court (CSC) for certiorari review, which the CSC denied on September 21, 2009.  Pre-Answer Resp. at Ex 6.

Mr. Smith filed the instant action on October 30, 2009.  In the Application, Mr. Smith asserts three claims.

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect

> to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Smith's criminal case became final. The final sentence in Mr. Smith's case entered on September 28, 2001. Pre-Answer Supp. Ex. 8 at p. 15. Because Mr. Smith did not file a direct appeal, the Court therefore finds that his conviction became final on November 12, 2001, forty-five days after he was sentenced. *See* Colo. App. R. 4(b); **Locke v. Saffle**, 237 F.3d 1269, 1273 (10th Cir. 2001). As such, the one-year statute of limitations began to run on November 13, 2001, the next business day after the conclusion of the time to appeal. *See, e.g.,* **Locke**, 237 F.3d at 1273.

The Court must next determine whether any of Mr. Smith's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." **Artuz v. Bennett**, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

4

***Habteselassie v. Novak***, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. **See *Gibson v. Klinger***, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." ***Barnett v. Lemaster***, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitation period is tolled during the period in which the petitioner could have sought an appeal under state law." ***Gibson***, 232 F.3d at 804.

According to the State Court Register of Action, there were no post-conviction motions pending in Mr. Smith's case between September 28, 2001 and January 13, 2006. Accordingly, the Court finds that the one-year limitation period began running on November 13, 2001, and ran un-tolled until it expired on November 13, 2002. Because the limitation period expired approximately three years and two months before Mr. Smith filed his first post-conviction motion on January 13, 2006, that motion, and any subsequent motions, could not have tolled the one-year limitation period. **See *Clark v. Oklahoma***, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court post-conviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Accordingly, the Court finds that the limitation period expired approximately six years and eleven months prior to the filing of the application on October 30, 2009. Therefore, the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling, *see id.*, and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks and citation omitted). Furthermore, equitable tolling is appropriate only if the inmate pursues his federal claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Smith bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977; *see also Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (finding that "an inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." (internal quotation marks and citation omitted)).

Mr. Smith asserts that he is entitled to equitable tolling because he was never informed by trial counsel or the trial judge that a motion for reconsideration must be filed with 120 days of judgment. Reply at 1. He further asserts that the trial judge "waived all time limits until [mental health] treatment was complete when she stated she would review the applicant for probation after treatment." *Id.* However, the Court finds

that these claims do not constitute "extraordinary circumstances" beyond Mr. Smith's control which prevented timely filing of this action. *See, e.g., Davidson v. McKune*, 2006 WL 2328755, at *2 (10th Cir. Aug. 11, 2006) (unpublished decision) (rejecting attorney negligence or mistake with respect to the limitations period as an "extraordinary circumstance" justifying equitable tolling); *Fugate v. Atherton*, 2002 WL 747805, at *1 (10th Cir. April 29, 2002) (unpublished decision) (finding that Applicant's "vague and conclusory claims that the trial court and his counsel prevented him from [pursuing pos-tconviction remedies] do not constitute an 'extraordinary circumstance' meriting equitable tolling."). Moreover, Mr. Smith does not establish that he diligently pursued his federal claims during the time that he was allegedly waiting to complete mental health treatment and initiate post-conviction relief. *See Miller*, 141 F.3d at 978 (finding that the petitioner "provided no specificity regarding the alleged . . . steps he took to diligently pursue his federal [habeas] claims . . . . It is apparent that [petitioner] simply did not know about the limitation in the AEDPA until it was too late.") (citations omitted).

Accordingly, the Court finds that this case does not present one of those "rare and exceptional circumstances" in which the untimely filing of a federal habeas petition should be equitably tolled. *Gibson*, 232 F.3d at 808. Therefore, under 28 U.S.C. § 2244(d), Mr. Smith is time-barred from filing a federal habeas corpus action in this Court.

Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Smith has exhausted his state court remedies. Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.

DATED at Denver, Colorado, this 1st day of ___February___, 2010.

BY THE COURT:

_____ for
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02559-BNB

Tye J. Smith
Prisoner No. 110667
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

Roger G. Billotte
Assistant Attorney General
**DELIVERED ELECTRONICALLY**


   I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/1/10

                                        GREGORY C. LANGHAM, CLERK

                                        By: _____
                                              Deputy Clerk